UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA JOHNSON,

    Plaintiff,

v.

    Case No. 22-10959.
    HON. DENISE PAGE HOOD

WASHTENAW COUNTY
ROAD COMMISSION,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR EMERGENCY CEASE AND DESIST ORDER [ECF Nos. 4, 12]**

This matter is before the Court on *pro se* Plaintiff's Motion For Emergency Cease and Desist Order ("Emergency Motion") (ECF No. 12), filed on June 13, 2022. Plaintiff asks the Court to enjoin Defendant from engaging in any activity with respect to the N. Territorial Pontiac Trail Proposed Road Project. *Id.* at PageID.53. The Court note that Plaintiff filed this action on May 4, 2022, was granted an application to proceed *in forma pauperis*, and filed an Amended Complaint on June 6, 2022. Defendant has not yet been served with the Complaint or Amended Complaint. For the reasons stated below, the Emergency Motion is denied.

### I.  LEGAL STANDARD

The Emergency Motion is, in effect, a motion for injunctive relief and the Court will treat it as such. A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or

      probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

    The Court has reviewed the Emergency Motion, which consists of one page, as well as the Amended Complaint, which consists of 13 pages. There is no supporting brief to the Emergency Motion, and Plaintiff does not cite any authority or case law, not even any authority which would confer jurisdiction. At this point, the Court believes that there is subject matter jurisdiction based on Defendant being a municipality (or division of one), Plaintiff citing the Fourth Amendment and some federal regulations and acts, and it appearing that there may be an issue of eminent domain.

Plaintiff asks the Court to enjoin Defendant because, if Defendant is "not stopped, access to animals, land and resources for farm use, [it] will . . . limit or restrict plaintiff['s] legal access to farm property and responsibilities, [and] will further *jeopardize* the animals' safety which started March 21, 2022." *Id.* Plaintiff claims that the process causes immediate danger to her. *Id.* The Court finds that Plaintiff has not satisfied her burden for emergency injunctive relief in the form of a cease and desist order, especially in the absence of notice to Defendant.

Plaintiff has not demonstrated that she is likely to prevail on the merits of the relief she seeks in the Emergency Motion. The Court finds that Plaintiff has failed to establish a likelihood that she will establish that Defendant acted illegally or without authority. Plaintiff has not shown why any injunctive relief should issue absent an opportunity for Defendant to be heard. Although Plaintiff's allegations may serve as a basis for a finding of irreparable harm if they are supported and Defendant does not submit more persuasive evidence to the contrary, the Court finds that the Plaintiff has not sufficiently established irreparable harm at this point. Plaintiff also fails to address the issues of harm to third parties, the public's interest, or the posting security, which is required by Federal Rule of Civil Procedure 65(c).

For the reasons stated above, the Court concludes that the Emergency Motion must be denied with respect to Plaintiff's request for emergency relief in the form of an emergency cease and desist order.[1]

---

[1] The Court notes that Plaintiff previously filed a Motion for a Cease and Desist Order. It raised the same issues set forth in the instant motion, and Plaintiff filed an Amended Complaint after filing the Motion for a Cease and Desist Order.

### III.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion For Emergency Cease and Desist Order (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that Defendant shall file a response to the Motion For Emergency Cease and Desist Order within 14 days of being properly served with: (1) a copy of the Summons and Amended Complaint; (2) a copy of the Motion For Emergency Cease and Desist Order; and (3) a copy of this Order.

IT IS FURTHER ORDERED that the Court will schedule a hearing on the Motion For Emergency Cease and Desist Order once the Court becomes aware that Defendant has been served with: (1) a copy of the Summons and Amended Complaint; (2) a copy of the Motion For Emergency Cease and Desist Order; and (3) a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Cease and Desist Order (ECF No. 4) is DENIED AS MOOT.

IT IS SO ORDERED.

Date: June 15, 2022

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

---

Accordingly, the Court denies as moot the Motion for a Cease and Desist Order (ECF No. 4).