UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA JOHNSON,

     Plaintiff,

                                         Case No. 22-10959.
v.                                        HON. DENISE PAGE HOOD

WASHTENAW COUNTY
ROAD COMMISSION,

     Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION [ECF Nos. 16, 17]**

On June 15, 2022, the Court entered an Order Denying Plaintiff's Motion for Emergency Cease and Desist Order. ECF No. 14.  On June 21, 2022, Plaintiff filed a "Response to Order Denying Plaintiff's Motion for Emergency Cease and Desist Order," ECF No. 16, and an amended "Response to Order Denying Plaintiff's Motion for Emergency Cease and Desist Order." ECF No. 17  (collectively, "Motion for Reconsideration").  In the Motion for Reconsideration, Plaintiff asks the Court to reconsider its June 15, 2022 Order.  For the reasons stated below, the Motion for Reconsideration is denied.

**I.  LEGAL STANDARD**

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th

Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866

(E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich.

1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest,

or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The

movant must also demonstrate that the disposition of the case would be different if the

palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income

Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1

(E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or

reconsideration that merely present the same issues ruled upon by the Court, either

expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

## II.  FINDINGS OF THE COURT

In its June 15, 2022 Order, the Court concluded that Plaintiff has not satisfied

her burden for emergency injunctive relief in the form of a cease and desist order,

especially in the absence of notice to Defendant.  Specifically, the Court stated:

> Plaintiff has not demonstrated that she is likely to prevail on the merits of the relief she seeks in the Emergency Motion.  The Court finds that Plaintiff has failed to establish a likelihood that she will establish that Defendant acted illegally or without authority. Plaintiff has not shown why any injunctive relief should issue absent an opportunity for Defendant to be heard.  Although Plaintiff's allegations <u>may</u> serve as a basis for a finding of irreparable harm if they are supported and Defendant does not submit more persuasive evidence to the contrary, the Court finds that the Plaintiff has not sufficiently established irreparable harm at this point.  Plaintiff also fails to address the issues of harm to third parties, the public's interest, or the posting security, which is required by Federal Rule of Civil Procedure 65(c).

ECF No. 14, PageID.58.

The Court finds that Plaintiff has failed to establish a palpable defect by which the Court has been misled or how the result would be different if it were cured. Plaintiff has reasserted her arguments from the Motion for Emergency Cease and Desist Order, though she has developed them with more detail.  As the Court stated when denying the Motion for Emergency Cease and Desist Order set forth in the June 15, 2022 Order, however, Plaintiff has not shown a substantial likelihood of success on the merits, addressed the factors of harm to third parties, the public's interest, or posting security.

In reviewing all of the documents filed in this case to date, the Court finds additional reasons for denying the Motion for Emergency Cease and Desist Order on an *ex parte* basis (in the absence of Defendant's appearance and response).

(1)    Plaintiff may not have standing to bring the action she has filed; she has not alleged that she owned the properties about which she complains Defendant has wrongfully trespassed, destroyed, and otherwise committed harm to Plaintiff, the land, and the environment;

(2)    Plaintiff's complaint references two related or companion cases in Washtenaw County, before Judge Carol Kuhnke; in one of them (No. 22-000197-CH), Plaintiff sued Defendant (among others) seeking an order to "cease and desist on round about project" and a motion for an ex-parte temporary restraining order was denied on March 22, 2022 and her motion to cease and desist was denied on April 6, 2022; and

(3)     Judge Kuhnke appears to have granted injunctive relief to the defendants

in that case (including Defendant) against Plaintiff on April 6, 2022.

In reviewing the Washtenaw County public access website with respect to Case

No. 22-000917-CH, it appears Plaintiff previously filed a state court action involving

the same parties and the same underlying facts and circumstances as exist in this case.

That case either remains pending and ongoing or has been resolved.   In either event,

the docket reflects that the court has ruled against Plaintiff with respect to the relief

she seeks in this case in some manner.  The Court concludes that granting *ex parte*

injunctive relief to Plaintiff is not warranted on this basis as well, and the Court denies

her Motion for Reconsideration.

### III.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF

Nos. 16 and 17) is DENIED.

IT IS SO ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Date: July 7, 2022                            UNITED STATES DISTRICT JUDGE