UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA JOHNSON,

      Plaintiff,

                                  Case No. 22-10959

v.                              HON. DENISE PAGE HOOD

WASHTENAW COUNTY
ROAD COMMISSION,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS [ECF No. 21] and
## DENYING AS MOOT PLAINTIFF'S MOTION
## TO RESTORE FENCE, ETC. [ECF No. 15]

*Pro se* Plaintiff Lisa Johnson filed this cause of action on May 4, 2022 against Defendant Washtenaw County Road Commission ("Defendant") and Sheryl Siddall. ECF No. 1.  Plaintiff filed an Amended Complaint on June 6, 2022, but the only named defendant was Defendant. ECF No. 11.  Generally speaking, Plaintiff asks the Court to enjoin Defendant from engaging in any activity with respect to a road project in Washtenaw County, at N. Territorial Road and Pontiac Trail ("the Road Project").  The Court granted Plaintiff *in forma pauperis* status before twice denying Plaintiff's *ex parte* motions to order Defendant to cease and desist on the Road Project. *See* ECF Nos. 5, 14, 19.

1

On July 7, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 21.  The Court promptly scheduled a hearing for the Motion to Dismiss, to be held on September 14, 2022. ECF No. 24. Plaintiff has not filed a response to the Motion to Dismiss or any of Defendant's arguments.  She did file a request for the Court's intervention prior to the scheduled September 14, 2022 hearing to address immediate local road issues, *see* ECF No. 26, but the Court's schedule did not allow for an earlier hearing.  On September 14, 2022, the Court held the hearing on the Motion to Dismiss, at which Plaintiff and counsel for Defendant appeared and argued.  For the reasons that follow, Defendant's Motion to Dismiss is granted.

## I.     BACKGROUND

Defendant is responsible for the Road Project.  The Road Project involves improving the intersection of Pontiac Trail and North Territorial Roads in Salem Township, Washtenaw County, Michigan, by eliminating the former angled intersection and constructing a roundabout. The property in question in this action is located at the southeast corner of the intersection. As discussed below, as a matter of Michigan law, title to that property was formerly owned by the Thomas and Nancy Johnson Trust ("Johnson Trust") and is now fully vested in Defendant.

As discussed below, there are a number of underlying state court matters pertaining to the property and Defendant's pursuit of the Road Project.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a claim due to a lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *see also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court must accept all well-pleaded factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

To survive a motion to dismiss, the complaint generally must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a

sheer possibility that the defendant's conduct was unlawful. *Id*. at 556.   Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.   Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombl*y concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id*. at 563.   The Supreme Court has further stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   ANALYSIS

The Court first notes that it recognized in its most recent Order dated July 7, 2022 that Plaintiff may not own the property about which she has sued and may already be litigating the same issues raised in this action in state court.   In the July 7, 2022 Order, the Court stated:

> (1)   Plaintiff may not have standing to bring the action she has filed; she has not alleged that she owned the properties about which she complains Defendant has wrongfully trespassed, destroyed, and otherwise committed harm to Plaintiff, the land, and the environment;

> (2)   Plaintiff's complaint references two related or companion cases in Washtenaw County, before Judge Carol Kuhnke; in one of them (No. 22-000197-CH), Plaintiff sued Defendant (among others) seeking an order to "cease and desist on round about

project" and a motion for an ex-parte temporary restraining order was denied on March 22, 2022 and her motion to cease and desist was denied on April 6, 2022; and

(3)     Judge Kuhnke appears to have granted injunctive relief to the defendants in that case (including Defendant) against Plaintiff on April 6, 2022.

In reviewing the Washtenaw County public access website with respect to Case No. 22-000917-CH, it appears Plaintiff previously filed a state court action involving the same parties and the same underlying facts and circumstances as exist in this case. That case either remains pending and ongoing or has been resolved. In either event, the docket reflects that the court has ruled against Plaintiff with respect to the relief she seeks in this case in some manner. The Court concludes that granting *ex parte* injunctive relief to Plaintiff is not warranted on this basis as well, and the Court denies her Motion for Reconsideration.

ECF No. 19, PageID.73-74.

Defendant's Motion to Dismiss confirms what the Court had deduced. First, the claims and relief Plaintiff seeks in this cause of action are essentially the same as she sought in the state court action see filed in Washtenaw County ("State Court Action"). *See* ECF No. 21, Ex. C (Complaint in the Washtenaw County Trial Court, Case No. 22-000197-CH). In the State Court Action, Plaintiff alleged that Defendant did not follow the Endangered Species Act, had criminal intent to intimidate and destroy her family, and failed to use data properly to ensure safety for drivers and bikers. *Id*. As in this case, Plaintiff brought a motion to "Cease and Desist Order on Round About Project Until Judgment is Made" on February 15,

2022. A hearing was held on the motion on March 9, 2022, at which time the state trial court verbally denied her motion. *Id.* at Ex. D (Register of Actions).

A second motion to Cease and Desist was filed in the State Court Action on March 16, 2022.  On March 22, 2022, the state trial court entered a written Order denying Plaintiff's first motion to Cease and Desist and entered a separate order granting Defendant a temporary restraining order against her. ECF No. 21, Ex. D, F, and G.  After a show cause hearing was held by the state trial court on March 30, 2022, that court entered an Order Granting Injunctive Relief Against Plaintiff and Denying Plaintiff's [Second] Motion to Cease and Desist on April 6, 2022. ECF No. 21, Ex. D, F.

For these reasons, the Court concludes that Plaintiff's cause of action is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 461 U.S. 462 (1983).  Under this doctrine, "the lower federal courts [such as this Court] do not have jurisdiction over cases brought by 'state-court losers' challenging state-court judgments rendered before the district court proceedings commenced." *Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007) (internal quotation marks and citations omitted). "*Rooker-Feldman* applies in '[(1)] cases brought by state-court losers [(2)] complaining of injuries caused by state-court judgments [(3)] rendered before

6

the district court proceedings commenced and [(4)] inviting district court review and rejection of those judgments.'" *RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 387 (6th Cir. 2021) (citations and quotations omitted). The Sixth Circuit has made clear that the doctrine extends to even non-final orders: "federal district courts don't have jurisdiction over appeals of interlocutory state-court orders." *Id*. at 396.

Based on a review of Plaintiff's pleadings in this case, as well as the filings in the State Court Action, the Court finds that Plaintiff is attempting to relitigate in this court the issues addressed, and rulings made, by the court in the State Court Action. Accordingly, the Court dismisses Plaintiff's claims and cause of action pursuant to the *Rooker-Feldman* doctrine.

Second, the Court believes that dismissal of Plaintiff's cause of action is appropriate because she lacks standing. In *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the United States Supreme Court established three elements required for standing: (1) the plaintiff suffered an injury in fact, which is both concrete and actual or imminent; (2) the injury is caused by the defendant's conduct; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. The "plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v.*

*American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).

Plaintiff does not allege that she is the owner of the property that she seeks to protect and for which she seeks relief.  In the State Court Action, it was determined that the property was originally owned by the Johnson Trust.  The Johnson Trust is controlled by Dr. Thomas Johnson, who has a dental office on the property, a barn on the property, and his home adjacent to the property.  After Defendant unsuccessfully tried to buy the property from the Johnson Trust, Defendant filed a number of condemnation actions.  The Johnson Trust elected not to challenge the condemnation actions and, instead, stipulated to orders in the condemnation actions that vested titled and possession to the property with Defendant, effective January 19, 2022.  Plaintiff did not seek to intervene in the condemnation actions (and instead filed the State Court Action).

Accordingly, Plaintiff did not own the property when she filed the State Court Action (because the Johnson Trust did), nor does she own it now (because Defendant does).  Due to her lack of ownership of the property at issue, Plaintiff does not have standing to proceed with her cause of action in this Court.  For that reason, the Court must dismiss Plaintiff's cause of action.

8

Third, the Court finds that Plaintiff's claim under the U.S. Endangered Species Act, 16 U.S.C. §1531 *et seq*. (the "ESA"), fails as a matter of law. Section 1540(g)(1) of the ESA allows citizen suits to pursue violations of the ESA, but no action may be commenced under the ESA "prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator of any such provision or regulation." 16 U.S.C. §1540(g)(2)(A)(i). The 60-day notice requirement is "jurisdictional, and thus failure to strictly comply is an absolute bar to bringing suit under the ESA." *Conservation Congress v. Finley*, 774 F.3d 611, 617 (9th Cir. 2014) (internal quotation and citation omitted); *see also Buckeye Forest Council v. U.S. Forest Serv.*, 337 F.Supp.2d 1030, 1036 (S.D. Ohio 2004).

Plaintiff does not allege in the Amended Complaint that she provided notice to the Secretary of the Interior or Defendant.  Defendant asserts that Plaintiff has never provided it with any such notice, an assertion that Plaintiff has not disputed. For this reason, the Court concludes that Plaintiff's claim pursuant to the ESA is premature, and the claim must be dismissed as a matter of law.

Fourth, Plaintiff appears to assert a Fourth Amendment claim as follows: "Illegal use of law enforcement not addressed in the Fourth Amendment, the plaintiff asks the court to stop, so farm use functions can resume." ECF No. 11 PageID.44 (Page 1 of Amended Complaint).  The Fourth Amendment protects a

9

person's possessory interests, *United States v. Jacobsen*, 466 U.S. 109 (1984), but Plaintiff has not established any possessory interest in this case, as she does not own, possess, or even control the property that she seeks to protect from law enforcement (Defendant).   For this reason, Plaintiff's Fourth Amendment claim fails as a matter of law and must be dismissed.

Fifth, Plaintiff references the U.S. Farmland Protection Policy Act, 7 U.S.C. § 4201 *et seq.*, ECF No. 11, PageID.44 (Page 9 of Amended Complaint), but that act affords only the Governor of a State, not a private citizen, the right to bring a cause of action. *See* 7 U.S.C. § 4209.   The Court therefore concludes that Plaintiff's claim pursuant to the U.S. Farmland Protection Policy Act must be dismissed.

Sixth, to the extent Plaintiff has asserted any state law claims, the Court believes that they should be brought and heard in state court (to the extent they are not already being addressed in the State Court Action). *See, e.g., Musson Theatrical, Inc. v Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402 , 1412 (6th Cir. 1991); *Romine v. CompuServe Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citation omitted) ("despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' ... considerations of judicial economy and federal-state

comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by federal and state courts."). Plaintiff has filed a state court action and there are no federal claims pending before this Court. Accordingly, to the extent that there are any remaining state law claims, the Court concludes that they should be dismissed from this federal case.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 21] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Restore Fence, Etc. [ECF No. 15] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's cause of action (Amended Complaint) is DISMISSED. Judgment shall be entered separately.

IT IS SO ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Date: September 29, 2022          UNITED STATES DISTRICT JUDGE